IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JESSE BOONE, as next of kin and administrator of the Estate of CHRISTINE BOONE, deceased. | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| | ) **Civil Action No.** |
| v. | ) |
| | ) **(Jury Trial Demanded)** |
| MEDECON MEDICAL SERVICES, INC., and DONNA BARFIELD, | )<br>) |
| | ) |
| Defendants. | |

PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW, the Plaintiff, Jesse Boone, as next of kin and administrator of the Estate of Christine Boone, deceased, and files this his Complaint against the Defendants, Medecon Medical Services, Inc., hereinafter referred to as "Medecon Medical Services" and Donna Barfield and respectfully shows this Court the following facts:

1. STATEMENT OF JURISDICTION

**1.1** Plaintiff Jesse Boone resides in Clewiston, Hendry County, Florida.

1.2 Defendant Medecon Medical Services, Inc., ("Medecon Medical Services") is a Georgia Corporation licensed and authorized to do business in the state of Georgia and is subject to the jurisdiction and venue of this Court.

1.3. Defendant Medecon Medical Services' registered agent of service is in Sumter County, Georgia, which is within the jurisdiction of this court.

1.4 Defendant Donna Barfield is a Georgia Resident and was an employee of

Defendant Medecon Medical Services at the time of the subject incident and is subject to the jurisdiction and venue of this Court.

1.5  Plaintiff prays herein for a jury trial and judgment, notwithstanding, court costs, of in excess of $250,000.00 against the Defendants.

1.6  The Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332.

1.7  Pursuant to the Georgia appellate decisions finding O.C.G.A. § 9-11-9.2 unconstitutional, the Plaintiff attaches an unsigned medical release. This release is attached and incorporated herein as Exhibit "A".

1.8  Plaintiff is the Administrator of the Estate of Jesse Boone, deceased, having been duly appointed Administrator by the Probate Court of Sumter County, Georgia, on December 27, 2005. A true and accurate copy of the letter of administration is attached and incorporated herein as Exhibit "B" to this complaint.

1.9  As required by O.C.G.A. Section 9-11-9.1, Plaintiffs have attached as Exhibit "C" an affidavit of an expert competent to testify, setting forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim that has been committed, or may have been committed, by the Defendants individually or jointly, and Plaintiffs reserve the right to contend and to prove additional acts, errors, and omissions on the part of each Defendant that reflect a departure by the Defendant from the requisite standard of care required by law.

Case 1:07-cv-50013-WLS Document 56 Filed 12/24/07 Page 2 of 6

## 2. VENUE

2.1  The incident which caused the injuries to Ms. Christine Boone occurred in Sumter County, Georgia within the Middle District, Albany Division.

2.2  Venue is proper in The United States District Court, Middle District of Georgia, Albany Division, pursuant to 28 U.S.C. § 1391.

## 3. STATEMENT OF FACTS

3.1  On December 14, 2004, decedent was a resident at Lillian G. Carter Nursing Center in Plains, Georgia.

3.2.  On December 14, 2004, decedent was picked up from Lillian G. Carter Nursing Center by Medecon Medical Services to be taken to a physician's appointment. Defendant Donna Barfield was operating the transport vehicle.

3.3.  While the decedent was being transported by the Defendants, she was propelled out of her wheelchair, causing severe injuries to decedent, Christine Boone.

3.4  Defendant Barfield reported that decedent had no injuries. However, upon assessment of decedent Boone, it was noted that she had a skin tear to the left shin area and a raised area to her right leg above her ankle. Decedent Boone was also experiencing pain in her right hip and leg and also to her right wrist.

3.5.  Upon further assessment at Sumter Regional Hospital, it was discovered that decedent Boone sustained a fracture to the femoral neck of her right hip and a fracture of her right wrist.

3.6. At all times relevant to this matter Defendant Donna Barfield was acting within the scope of her employment with Defendant Medecon Medical Services.

3.7 Defendants negligently, and in violation of the applicable standards of care, failed to take adequate care in their transportation of decedent.

## COUNT I

### 4. NEGLIGENCE AND DAMAGES

4.1 Plaintiff repeats each preceding paragraph of this Complaint as if set forth herein in full.

4.2 As a direct and proximate result of the negligence of the Defendants, as set forth above in this Complaint, Christine Boone was placed at an increased risk of harm.

4.3. As a direct and proximate result of the negligence of the Defendants, as set forth above, jointly and severally, Christine Boone suffered and endured severe and excruciating mental and physical pain and suffering until the date of her death on December 26, 2004.

4.4. As a direct and proximate result of the negligence of the defendants, as set forth above, jointly and severally, Plaintiff has incurred medical costs and expenses for the care and treatment of his mother, Christine Boone, until her death.

4.5. Plaintiff is entitled to recover from the Defendants an amount of damages for injuries to be determined by a jury, after deliberation, in an amount not less than

$250,000.00.

## COUNT II

## MEDICAL NEGLIGENCE

5.1  Plaintiff repeats each preceding paragraph of this Complaint as if set forth herein in full.

5.2  In an abundance of caution Plaintiff brings Count II as an action for professional malpractice in which the Plaintiff alleges that the Defendants failed to exercise the required degree and standard of care and caused injury to decedent from a want of such care and skill.

WHEREFORE, Plaintiff prays:

(a)  that process issue according to the Statute so requiring the Defendant to timely make and file their Answer and Affirmative Defenses according to law;

(b)  that he be given a jury trial on all issues so triable by jury comprised of qualified 12 jurors duly sworn, qualified and serving according to the law and as such acting upon their sacred oath;

(c)  that he be awarded damages for his mental injury and the physical injuries suffered in an amount to be determined by the jury in their fair and enlightened conscious;

(d)  that he be awarded damages for his emotional distress and fear suffered in an amount to be determined by the jury in their fair and enlightened conscious.

RESPECTFULLY SUBMITTED, this 4th day of December, 2007.


LOVETT, COWART & AYERBE, LLC.
P. O. Box 185
Macon, GA 31202-0185
(478) 476-4500

                               <u>s/Paul R. Ayerbe</u>
                               Paul R. Ayerbe
                               State Bar No. 029810

Case 1:07-cv-50023-WLS Document 56 Filed 12/04/07 Page 6 of 6